# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **TRENELL PETERS, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, T.J.P.,** | § | |
| ***Plaintiff*,** | § | **No. 6:25-CV-00344-LS** |
| **v.** | § | |
| **KILLEEN INDEPENDENT SCHOOL DISTRICT, AIERELLE BUNDRANT, AND MARK EASTER,** | § | |
| ***Defendants*.** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Trenell Peters, acting individually and on behalf of her child T.J.P., filed suit in state court against Defendants under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act, as well as for negligence and intentional infliction of emotional distress.[1] Defendant Killeen Independent School District ("KISD") removed the case to federal court.[2] The Defendants filed motions to dismiss,[3] and Plaintiff moved for leave to file an amended complaint,[4] which was granted. Defendants filed renewed motions to dismiss.[5] Plaintiff responded to Aierelle Bundrant and Mark Easter's motion to dismiss and failed to respond to KISD's motion. The Honorable Dan MacLemore wrote a report and recommendation ("R&R"), recommending that Plaintiff's claims be dismissed with prejudice.[6] Plaintiff objected to

[1] ECF No. 1-4.
[2] ECF No. 1.
[3] ECF Nos. 2, 11.
[4] ECF No. 25.
[5] ECF Nos. 38, 39.
[6] ECF No. 55.

the R&R.[7] For the following reasons, the Court adopts the R&R and grants both motions to dismiss.

# I. LEGAL STANDARD.

## *A. Report and Recommendation*

A judge may "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive motions.[8] Within fourteen days of receiving the report and recommendation, "any party may serve and file written objections."[9] When parties object to a magistrate judge's report and recommendation, a district court "must engage in *de novo* review."[10] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[11] If no objection is made to a magistrate judge's recommendation, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."[12]

## *B. Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] A complaint may include legal conclusions, but such conclusions must be supported by factual allegations.[15] To

---

[7] ECF No. 56.
[8] 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).
[9] 28 U.S.C. § 636(b)(1).
[10] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).
[11] 28 U.S.C. § 636(b)(1).
[12] *Wilson*, 864 F.2d at 1221.
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[14] *Id.*
[15] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[16] The court takes as true the complaint's factual allegations and construes them in the light most favorable to the nonmoving party.[17] "'Naked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[18] "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto."[19] If documents attached to the complaint "reveal[] facts which foreclose recovery as a matter of law, dismissal is appropriate."[20] Finally, "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[21]

## II. ANALYSIS.

Plaintiff asserts that Defendants' motions should be denied because they raise arguments already raised in earlier motions to dismiss.[22] She asserts that Fed. R. Civ. P. 12(g)(2) prevents Defendants from raising these arguments again.[23] However, Defendants' previous motions to dismiss were mooted when Plaintiff filed an amended complaint.[24] There was no ruling on the merits. Further Fed. R. Civ. P. 12(g)(2), even if it was applicable, states that a party may not make a second motion under Rule 12 "raising a defense or objection that was available to the party but

---

[16] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).
[17] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[18] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).
[19] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[20] *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).
[21] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).
[22] ECF No. 40 at 1–3.
[23] *Id.*
[24] Text Orders 10/05/2025.

omitted from its earlier motion." Plaintiff acknowledges that Defendants' arguments were made in their earlier motions, so Rule 12(g)(2) does not apply.

### *A. KISD*

#### 1. 42 U.S.C. § 1983

To state a claim against a school district under 42 U.S.C. § 1983, a plaintiff must show "(1) that a constitutional violation occurred and (2) that an 'official policy' attributable to the school district's policymakers (3) 'was the moving force' behind it."[25] An official policy is either an official "policy statement[], ordinance[] or regulation[]" or "a persistent widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy."[26] A viable failure to train claim requires a plaintiff to show: "(1) the [defendant] failed to train or supervise the [employees] involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights."[27] Deliberate indifference can be established through a pattern of constitutional violations or in a single incident where "the government actor was provided no training whatsoever."[28]

Plaintiff fails to establish deliberate indifference. First, she alleges no viable pattern of constitutional violations associated with KISD. Second, although she alleges that KISD staff had no training on the proper use of restraints for special education students,[29] the TEA report reflects

---

[25] *Littell v. Hou. Indep. Sch. Dist.*, 894 F.3d 616, 622–23 (5th Cir. 2018).
[26] *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).
[27] *Henderson v. Harris Cnty.*, 51 F.4th 125, 130 (5th Cir. 2022) (quoting *Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021)).
[28] *Id.* at 131 (quoting *Hutcheson*, 994 F.3d at 483).
[29] ECF No. 35 at 10–11.

that the actors involved, Aierelle Bundrant and Mark Easter, received training about the use of such restraints before the date of the incident.[30] Finally, notwithstanding Plaintiff's conclusory assertion that "[t]he failure to train and supervise staff on lawful restraint and disability accommodation was so prevalent as to be a District policy,"[31] she fails to establish the existence of a policy or procedure attributable to KISD's policymakers. This claim fails.

### 2. ADA and Rehabilitation Act Violations

Under the ADA or Rehabilitation Act, a plaintiff must show:

> (1) that he is a qualified individual . . . ; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.[32]

"Plaintiffs can only recover damages under the ADA or [the Rehabilitation Act] upon a showing of intentional discrimination."[33] This requires showing "something more than deliberate indifference."[34] Under the Rehabilitation Act, the plaintiff's disability must be the sole reason for the exclusion or discrimination, while under the ADA the standard is less stringent.[35]

In *Nevills v. Mart Independent School District*,[36] the Fifth Circuit found "insufficient evidence that [the child] was ever removed from class due to intentional discrimination based on his disability" when the defendant established that the plaintiff was only removed from class "because of disruptive behavior, unexplained tardiness or absences, or inability to get along with

---

[30] ECF No. 35-1 at 7.
[31] ECF No. 35 at 10.
[32] *J.W. v. Paley*, 81 F.4th 440, 449 (5th Cir. 2023) (quoting *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 417 (5th Cir. 2021)).
[33] *Id.*
[34] *Id.* at 450 (quoting *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020)).
[35] *Id.* at 449.
[36] 608 F. App'x 217 (5th Cir. 2015).

others at school."[37] In *J.W. v. Paley*, the Fifth Circuit concluded that the plaintiffs could not sustain ADA and Rehabilitation Act claims against the defendant because the defendant, who tased a student who was trying to leave the school, acted out of a desire to keep the student safe and not due to "indifference or hostility" towards the student's disability.[38]

Similarly, Plaintiff asserts that T.J.P. suffered from "a behavioral episode related to his disabilities."[39] In response to this behavioral episode, the individual defendants physically restrained him.[40] Accordingly, as the defendants here acted because of Plaintiff's behavior and not his disability, they did not intentionally discriminate on the basis of disability, and Plaintiff's ADA and Rehabilitation Act claims fail.

#### 3. Negligence and Gross Negligence

Under the Texas Tort Claims Act, school districts are immune from suit except for tort claims involving the use or operation of motor vehicles.[41] Plaintiff's tort claims do not involve a motor vehicle. Thus, KISD has not waived immunity, and the tort claims against it are barred.

### *B. Individual Defendants*

#### 1. Fourth Amendment Violation

The individual defendants assert qualified immunity.[42] The qualified immunity inqiury has two prongs: "(1) whether an official's conduct violated the plaintiff's constitutional rights, and (2) whether the right violated was clearly established at the time of the violation."[43] As of 2021, the Fifth Circuit concluded that "[t]his court has not conclusively determined whether the momentary

[37] *Id.* at 222.
[38] 81 F.4th at 451.
[39] ECF No. 35 at 3.
[40] *Id.*
[41] Tex. Civ. Prac. & Rem. Code § 101.051; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008).
[42] ECF No. 39 at 4.
[43] *Poole v. City of Shreveport*, 691 F.3d 624, 637 (5th Cir. 2012) (Elrod, J., concurring in part) (footnote omitted).

use of force by a teacher against a student constitutes a Fourth Amendment seizure" and found that the use of force against a student was not a clearly established constitutional violation under the Fourth Amendment.[44] Accordingly, qualified immunity shields the individual defendants from Plaintiff's Fourth Amendment claim.

**2. Fifth Amendment Substantive Due Process Violation**

"[S]tudents cannot assert substantive due process claims against school officials based on disciplinary actions."[45] The Fifth Circuit held so in 1990's *Fee v. Herndon*[46] case, which remains good law.[47] Disciplinary actions can, however, generate a substantive due process violation when they are "arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning."[48] If restraint is used for "a legitimate pedagogical purpose," such as transporting a disruptive student to the principal's office or ensuring that a student remains inside school grounds,[49] or corporal punishment is used to "cure . . . disruptive classroom behavior,"[50] then an asserted substantive due process claim would fail. Plaintiff acknowledges that the restraints on T.J.P. were used in connection with "a behavioral episode" in the classroom.[51] The TEA report also confirms that the use of restraint occurred because T.J.P. failed to follow rules regarding taking food and drink out of the classroom and became upset when repeatedly asked to leave the items.[52] T.J.P. became physically aggressive towards staff, which led to them

---

[44] *T.O.*, 2 F.4th at 415; *see also J.W. v. Paley*, 860 F. App'x 926, 930 (5th Cir. 2021) (concluding that the plaintiff "could not identify a clearly established Fourth Amendment right against school officials' use of excessive force").
[45] *J.W.*, 860 F. App'x at 928.
[46] 900 F.2d 804 (5th Cir. 1990).
[47] *J.W.*, 860 F. App'x at 929.
[48] *Fee*, 900 F.2d at 808 (quoting *Woodard v. Los Fresnos Indep. Sch. Dist.*, 732 F.2d 1243, 1246 (5th Cir. 1984)).
[49] *J.W.*, 81 F.4th at 454.
[50] *Fee*, 900 F.2d at 809.
[51] ECF No. 35 at 3.
[52] ECF No. 35-1 at 6.

restraining him to prevent "imminent serious physical harm."[53] Thus, the restraints were used for safety reasons and had a legitimate purpose.

Additionally, "as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment."[54] "[I]njuries sustained incidentally to corporal punishment, irrespective of the severity of those injuries or the sensitivity of the student, do not implicate the due process clause *if* the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions."[55] There are state statutes in Texas under which a teacher can be held liable for using excessive force to discipline a student: Texas Penal Code § 22.04, which makes it an offense to intentionally, knowingly, recklessly, or negligently cause bodily injury to a child; Texas Penal Code § 22.01, which makes it an offense to commit an assault; and Texas Education Code § 22.0511, which removes immunity from a professional employee of a school district if the employee "uses excessive force in the discipline of students or [is] negligen[t] resulting in bodily injury to students." Plaintiff's substantive due process claims against the individual defendants fail.

**3. Equal Protection**

Plaintiff also alleges disability discrimination under the Equal Protection Clause.[56] Discrimination based on disability is subject to the lowest standard of review under the Equal Protection Clause.[57] "States may discriminate on the basis of disability without offending the Fourteenth Amendment as long as the classification in question is rationally related to a legitimate

---

[53] *Id.*
[54] *T.O.*, 2 F.4th at 414 (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).
[55] *Id.* at 412 n.1 (quoting *Fee*, 900 F.2d at 808).
[56] ECF No. 35 at 12.
[57] *Kazmier v. Widmann*, 225 F.3d 519, 528 (5th Cir. 2000), *abrogated in part on other grounds by Nev. Dep't of Hum. Res. v. Hibbs*, 538 U.S. 721 (2003).

state interest."[58] A viable equal protection claim requires a plaintiff to show that she "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent."[59]

Plaintiff simply alleges that a non-disabled student would have been treated differently, and that Aierelle Bundrant and Mark Easter acted because of T.J.P.'s disability.[60] There are, however, no factual allegations supporting these conclusory assertions. This claim fails as well.

### *C. Leave to Amend*

In her objections, Plaintiff states that dismissal with prejudice is too harsh and that any issues can be rectified by an amended pleading.[61] Generally, when a court dismisses a claim, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."[62] But, "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"[63] Plaintiff has already amended her operative pleading once, and her claims cannot be remedied in an amended pleading for the reasons discussed above. Accordingly, the Court denies Plaintiff leave to amend.

## III. CONCLUSION.

For foregoing reasons, Defendant KISD's motion to dismiss [ECF No. 38] and Defendants Aierelle Bundrant's and Mark Easter's motion to dismiss [ECF No. 39] are **GRANTED**. Plaintiff's

---

[58] *Id.*
[59] *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439–40 (1985)).
[60] ECF No. 35 at 13–14.
[61] ECF No. 56.
[62] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).
[63] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

claims against Defendants are dismissed, all pending motions are **DENIED AS MOOT,** and the Clerk shall **CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**